IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR MIKHAK,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PHOENIX,<br><br>    Defendant.<br>_____/ | No. C16-00901 CRB<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

In June 2016, this Court granted Defendant University of Phoenix's ("UOP's") motion to compel arbitration. See Order (dkt. 27). More than a year later, Plaintiff Bahar Mikhak seeks leave to file a motion for reconsideration of that order, arguing that there has been a change in the law. Request (dkt. 32) (citing Civil L.R. 7-9(b)).

The change in the law that Mikhak points to is the Ninth Circuit's decision in Morris v. Ernst & Young, LLP, 834 F.3d 975 (9th Cir. 2016), cert. granted, 137 S.Ct. 809 (2017). See id at 1. In Morris, plaintiffs filed a class and collective action against their employer, the employer sought to compel arbitration, and the district court, relying on an arbitration agreement that required employees to arbitrate only as individuals in separate proceedings, ordered individual arbitration. 834 F.3d at 979. The Ninth Circuit concluded that the agreement's "separate proceedings" clause, or concerted action waiver, violated the NLRA (which recognizes employees' "right to pursue work-related legal claims together"), and was

therefore unenforceable. Id. at 980.

The Court recognizes that Morris was a change in the law,[1] although it did not come out of nowhere. See, e.g., Murphy Oil USA, Inc., 361 NLRB. No. 72 (2014) and D.R. Horton, Inc., 357 NLRB No. 184 (2012) (finding mandatory class-action waivers unlawful under the NLRA); Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1075 (9th Cir. 2014) ("some judicial support" for proposition that class-action waivers are unlawful under NLRA); Cotter v. Lyft, Inc., 176 F. Supp. 3d 930, 943 (N.D. Cal. 2016) ("at least some authority suggesting the arbitration provision is unenforceable entirely, because it violates" NLRA). Had Mikhak wanted to argue that the class action waiver in her arbitration agreement rendered it unenforceable, she could have cited to this earlier authority.[2]

Having failed to do so, Mikhak could have filed a request for leave to file a motion for reconsideration shortly after the Ninth Circuit decided Morris. She did not. Morris was filed on August 22, 2016. Morris, 834 F.3d 975. The mandate issued September 21, 2016. See Ninth Circuit Case No. 13-16599, dkt. 70. On January 13, 2017, the Supreme Court granted the defendant's petition for certiorari, and consolidated it with Lewis v. Epic Systems Corp., 823 F.3d 1147 (7th Cir. 2016), cert. granted, 137 S.Ct. 809 (2017), and Murphy Oil USA, Inc. v. NLRB, 808 F.3d 1013 (5th Cir. 2016), cert. granted, 137 S.Ct. 809 (2017). Mikhak waited an additional seven months—until August 7, 2017—to seek leave. See

---

[1] The Court does not decide herein whether that change in the law is material to this case. See Civil L.R. 7-9(b)(1) ("at the time of the motion for leave, a material difference in . . . law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.") (emphasis added). Despite Mikhak's assertion that the cases are "identical[]," Request at 7, the Morris plaintiffs filed a class and collective action over wage and hour claims, see Morris, 834 F.3d at 979, whereas Mikhak filed an individual action alleging unlawful discrimination on the basis of her religion, see Order at 1. Presumably the parties did not focus on the class action waiver in Mikhak's arbitration agreement because Mikhak did not file any class claims.

[2] In fact, Mikhak did cite to both Murphy Oil and D.R. Horton in opposing UOP's motion to compel arbitration, though for an entirely different proposition: rather than mention either's holding about class action waivers, Mikhak argued, in the context of unconscionability, that the agreement's confidentiality requirement contravened "the policy that animates § 7 of the [NLRA]." See Opp'n to Mot. to Compel (dkt. 18) at 10 (citing Murphy Oil and D.R. Horton). Although Mikhak now contends that the Court "did not decide or address" her "argument that the arbitration agreement was unenforceable because it violated the NLRA," see Request at 2, the Court did address that argument, see Order at 22–23 (noting that Mikhak relied on section 7 of the NLRA for her confidentiality argument).

generally Request. But this Court became bound by Morris immediately—regardless of the Supreme Court's decision to grant cert. See Yong v. INS, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("once a federal circuit issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."). Mikhak's delay of eleven months following the mandate in Morris, see Request at 4, is the very definition of a failure to show reasonable diligence. See Local C.R. 7-9(b) ("The moving party must specifically show reasonable diligence in bringing the motion"); DeVries v. Experian Info. Sols., Inc., No. 16-2953 WHO, 2017 WL 2377777, at *1-*2 (N.D. Cal. June 1, 2017) (47 day delay is failure of reasonable diligence); Cave Consulting Grp., Inc. v. OptumInsight, Inc., No. 15-3424 JCS, 2016 WL 7475581, at *2 (N.D. Cal. Dec. 29, 2016) (more than two month delay is failure of reasonable diligence); York v. Bank of Am., No. 14-2471 RS, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (35 day delay is failure of reasonable diligence); Campbell v. City of Milpitas, No. 13-3817 BLF, 2015 WL 3396809, at *2 (May 22, 2015) (58 day delay is failure of reasonable diligence).

Accordingly, the Request is DENIED.

**IT IS SO ORDERED.**

Dated: August 28, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE